IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00256-CYC

MICKIE LEE FOX,

    Plaintiff,

v.

DEE LYONS,
BENT COUNTY, COLORADO,
KIOWA COUNTY, COLORADO,
DR. JANE DOE, and
TONI JONES

    Defendants.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant Dee Lyons, moves to dismiss plaintiff Mickie Lee Fox's claim of deliberate indifference to a serious medical need against her, arguing that he fails to satisfy either the objective or subjective components necessary for such a claim. ECF No. 118. Because the amended complaint again fails to allege sufficiently that the defendant had any awareness of the plaintiff's medical need, the motion to dismiss is granted. Because it remains possible that the claim could be pled properly, the dismissal is without prejudice, but any further dismissals are likely to be with prejudice.

## BACKGROUND

According to the sixth amended complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Kiowa County Sheriff's Department arrested the plaintiff on October 29, 2022. ECF No. 116 ¶ 1. Upon his arrest, the

plaintiff informed the arresting officer that he required Xarelto to treat a genetic blood-clotting disorder, a diagnosis he had received four years earlier. *Id.* ¶ 2. That disclosure prompted the arresting officer to transport the plaintiff to the Kiowa County Hospital to obtain a medical evaluation. *Id.* ¶ 3. There, an unknown doctor determined — falsely so as part of a cost-saving conspiracy with county authorities, according to the plaintiff — that the plaintiff's medical condition had been cured according to a blood test and a scan of the plaintiff's lungs. *Id.* ¶¶ 5, 13.

Following his arrest, the plaintiff was held pending trial and, accordingly, a Kiowa County deputy transported him to the Bent County Detention Facility. *Id.* ¶ 16. After five days there, he submitted a kite to the defendant requesting medical attention; whatever occurred thereafter did not reinstate his supply of Xarelto. *Id.* ¶ 27. A week later, the plaintiff collapsed in a courtroom, allegedly from the lack of Xarelto. *Id.* There is no allegation the defendant witnessed this collapse in the complaint.

On January 27, 2023, the plaintiff initiated this action, requesting permission to proceed in forma pauperis. ECF Nos. 1, 3. Two magistrate judges therefore reviewed the complaints, ordering the plaintiff five times to amend the complaint to avoid summary dismissal. ECF No. 4, 9, 19, 21, 26. A third magistrate judge reviewed the fifth amended complaint and recommended the dismissal of certain claims but did not analyze the claim against the defendant; a district judge then accepted that recommendation. *Fox v. Wash. Cnty. Just. Ctr.*, No. 23-cv-00256-LTB-SBP, 2023 WL 12012049, at *7, 10-11 (D. Colo. Oct. 18, 2023), *recommendation adopted*, 2023 WL 12012050 (D. Colo. Nov. 17, 2023).

The case was then drawn to then-Chief Magistrate Judge Michael E. Hegarty. ECF No. 40. The parties consented to magistrate-judge jurisdiction, ECF Nos. 44, 68, and the defendant moved to dismiss the single claim against her of deliberate indifference to a serious medical

need. ECF No. 66. Judge Hegarty granted that motion without prejudice. *Fox v. Wash. Cnty. Just. Ctr.*, No. 23-cv-00256-MEH, 2024 WL 5320490, at *6 (D. Colo. Sept. 4, 2024).

The plaintiff therefore filed a sixth amended complaint. ECF No. 116. This motion followed. ECF No. 118.

## ANALYSIS

The defendant moves to dismiss the sole count against her pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows a defendant to move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). A district court faced with a Rule 12(b)(6) motion evaluates whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court looks to whether "the plaintiff" has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That factual content is lacking here.

Count 3 of the sixth amended complaint asserts an Eighth Amendment claim through 42 U.S.C. § 1983 against the defendant for deliberate indifference to the plaintiff's medical condition. ECF No. 116 ¶¶ 26–30. That amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, which includes "deliberate indifference to serious medical needs of prisoners" because such conduct "constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To state such claim under the Eighth Amendment, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

3

*McBride v. Deer*, 210 F.3d 1287, 1289 (10th Cir. 2001). The test for a claim of deliberate indifference includes both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). The objective component requires the plaintiff to plead that "the alleged deprivation" was "'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires the plaintiff to plead that a medical "official knows of and disregards an excessive risk to inmate health or safety." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Here, assuming without deciding that the plaintiff's allegations regarding his blood-clotting disorder meets the threshold for the objective component, his sixth amended complaint does not sufficiently address the subjective one. That component requires that "the official" be "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and" that the official "also draw the inference." *Mata*, 427 F.3d at 751. But the plaintiff fails to provide any indicia that the defendant was aware of his condition. He does allege in broad strokes that Bent and Kiowa Counties had actual or constructive notice of his condition, but the determination of the official's knowledge must be based upon what knowledge the official actually had, not what the official should have known. *Farmer*, 511 U.S. at 837-38. No facts detail the nature of the respective counties' knowledge; more importantly, no facts connect that knowledge with the defendant. The plaintiff also references a November 2022 kite requesting medical attention, ECF No. 116 ¶ 27, but lacks any information regarding any visit arising from that kite, let alone information ascribing knowledge to the defendant of the effects of denying the plaintiff Xarelto. And the plaintiff's allegations make clear that, prior to any such visit, a doctor had already discontinued the plaintiff's Xarelto and documented that the plaintiff

4

was "cured*." Id.* ¶ 13. He provides no facts indicating that the defendant had sufficient knowledge to disregard that documentation.

The short of it is that nothing in the complaint indicates the defendant was aware of any risk from the lack of Xarelto for the plaintiff, let alone one rising to the level of a substantial risk of serious harm. To be sure, the plaintiff attempts to inject more factual detail through his response to the defendant's motion, alleging therein that the defendant deferred to county authorities in refusing to provide Xarelto rather than making a professional medical judgment. ECF No. 130 at 6. But a court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206–07 (D. Colo. 2015). And while "[a] pro se litigant's pleadings are to be construed liberally," a plaintiff's "pro se status does not excuse his obligation to comply with the fundamental requirements of the civil procedure rules." *Montoya v. Taylor*, No. 22-CV-02625-MEH, 2023 WL 11862234, at *5 (D. Colo. Apr. 13, 2023) (quoting *Hines v. Jones*, 373 F. App'x 890, 891 (10th Cir. 2010)). As such, the plaintiff's complaint fails to demonstrate that the defendant's conduct satisfies the subjective component of a deliberate indifference claim. Without such a showing, the sixth amended complaint falls short, given that it must allege both the subjective and objective components to survive a motion to dismiss.

That leaves the question of whether the dismissal ought to be with or without prejudice. Dismissal of a pro se claim under 12(b)(6) is ordinarily without prejudice and a "careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." *Gee v. Pacheco*, 627 F.3d 1178, 1185-86 (10th Cir. 2010). Leave to amend is freely given unless there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quoting *Forman v. Davis*¸ 371 U.S. 178, 182 (1962)).

The defendant urges dismissal with prejudice, *see* ECF No. 135 at 7–8, and there is some appeal to that argument. As early as April 2023, the plaintiff was warned that he "must adequately allege the subjective and objective components for his denial or delay of medical treatment claim and also identify the defendant(s) the claim is being asserted against." *Fox v. Six*, No. 23-cv-00256-KLM, 2023 WL 12012051, at *6 (D. Colo. Apr. 27, 2023). More recently, Judge Hegarty's order dismissing his claim against the defendant noted that the plaintiff had not alleged that he "(1) disclosed he was suffering from any medical condition, (2) reported any concerns about his health, (3) had an existing prescription for Xarelto, (4) he has suffered any injury when not taking Xarelto, or (5) that Defendant Lyons was aware of any past injury when he was not taking Xarelto." *Fox*, 2024 WL 5320490, at *6. Judge Hegarty explicitly warned that "[he would] not allow plaintiff to amend endlessly" and that any further deficient pleading could result in dismissal with prejudice. *Id.* Here, the sixth amended complaint addressed some of Judge Hegarty's concerns, but failed to address defendant Lyons's awareness of any of the dangers that would befall the plaintiff without Xarelto until the response to the motion to dismiss, which the Court cannot consider as additional factual material.

It remains conceivable — though to a diminishing extent with each amended complaint — that the plaintiff could remedy the remaining deficiencies with this guidance. Accordingly, the sixth amended complaint is dismissed without prejudice. Any amended complaint must include factual allegations sufficient to support both the objective and subjective components of a deliberate indifference claim. Specifically, in addition to what Judge Hegarty had required, the

6

plaintiff must allege specific, non-conclusory facts showing that he (1) had a medical diagnosis requiring Xarelto, (2) defendant Lyons was aware of a serious medical risk if the medication was withheld, and (3) she consciously disregarded that risk. Again, the plaintiff is warned that a failure to do so may result in dismissal with prejudice.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the defendant's Motion to Dismiss, ECF No. 118, is **GRANTED**. It is further ORDERED that Claim Three is DISMISSED without prejudice against defendant Dee Lyons.

DATED this 14th day of July, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge