IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00256-CYC

MICKIE LEE FOX,

    Plaintiff,

v.

BENT COUNTY COLORADO, a municipality;
KIOWA COUNTY COLORADO, a municipality;
TONI JONES, a Deputy Sheriff Bent County; and
DR. JANE DOE, Kiowa County Hospital Doctor;

    Defendants.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the Motion to Dismiss Bent County and Kiowa County. ECF No. 151. Each county defendant argues that it should be dismissed from this case under Federal Rule of Civil Procedure 12(b)(1) because it is improperly named. The defendants also argue that dismissal is appropriate under Rule 12(b)(6). The plaintiff filed no response to the motion even after the Court sua sponte granted him an extension of his deadline and warned him that failing to respond "will result in the Court deciding the motion without the benefit of the plaintiff's point of view." ECF No. 159. Because these defendants have been improperly named, the motion is granted.

## BACKGROUND

The Court previously summarized some of the facts of this case in its Order dismissing the claim against Dee Lyons. *Fox v. Lyons*, No. 23-cv-00256-CYC, 2025 WL 1927982 (D. Colo. July 14, 2025). Below, the Court provides a brief recitation of additional facts relating to the two

county defendants. According to the plaintiff's Sixth Amended Complaint, on October 29, 2022, he was arrested by the Kiowa County Sheriff's Department and detained in the Bent County Detention Facility, which contracts with Kiowa County to provide detention services. ECF No. 116 at 6, 9. The plaintiff informed a deputy that he suffers from a blood disorder that requires him to take Xeralto to prevent blood clotting and death. *Id*. at 6–7. As a result, the deputy transported the plaintiff to the Kiowa County Hospital for a medical evaluation prior to booking him into the detention facility. *Id*. at 7. Defendant Dr. Jane Doe ran tests and made a medical determination. *Id*. at 8. According to the plaintiff, this determination was based on the cost of the treatment. *Id*. at 8–9. He further alleges that Dr. Jane Doe "conspired with Bent County authorities to avoid costly medical care," which resulted in physical injury to the plaintiff. *Id*. at 10. The plaintiff was eventually transported back to the Bent County Detention Facility and was held there for two days without receiving the anticoagulant medication. *Id*. at 13. He developed painful blood clots in his right leg and discoloration in both legs. *Id*. at 13–14.

As a result, pursuant to 42 U.S.C. § 1983, *id*. at 4, the plaintiff brings a Fourteenth Amendment claim against defendant "Bent County Colorado, a municipality" and defendant "Kiowa County Colorado, a municipality." *Id*. at 1, 15–20. The plaintiff maintains that there was a municipal policy or practice causing his injuries, *id*. at 18, and that the sheriffs of each county ratified the policy or practice, disregarding the harm that would result therefrom. *Id*. at 19–20.

## ANALYSIS

Defendants "Bent County Colorado" and "Kiowa County Colorado" argue, among other things, that this Court lacks jurisdiction over the claims asserted against them because they are improperly named parties. ECF No. 151 at 1 n.2, 6. Even after the Court sua sponte extended the plaintiff's deadline to respond to this motion, ECF No. 159 at 1, resulting in the plaintiff having more than two months to respond, the plaintiff failed to do so. That concedes the argument. *Est. of Blodgett v. Correct Care Sols., LLC*, No. 17-cv-02690-WJM-NRN, 2018 WL 6528109, at *7 (D. Colo. Dec. 12, 2018).

The argument is also correct. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). A party challenging a court's subject matter jurisdiction can seek dismissal under Federal Rule of Civil Procedure 12(b)(1). *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissing under Rule 12(b)(1) is not a judgment on the merits, but only a determination that the court lacks authority to hear the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted). The moving party may seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) in two forms: (1) facial attack or (2) factual challenge. *Equal Emp. Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1361 (D. Colo. 2023). Where, as here, the moving party is "facially attack[ing] the complaint's allegations as to the existence of subject matter jurisdiction," courts will accept a

complaint's allegations as true. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). The Sixth Amended Complaint cannot withstand that attack.

Under Colorado law, any suit against a county must be brought in the name of "The board of county commissioners of the county of . . . ." Colo. Rev. Stat. § 30-11-105. "'This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case.'" *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (quoting *Calahan v. Jefferson Cnty.*, 429 P.2d 301, 302 (Colo. 1967)). In short, "[f]ailure to correctly name a county bars a court's jurisdiction over the county." *Murphy v. Marlow*, No. 24-cv-01504-CNS-TPO, 2025 WL 1309866, at *2 (D. Colo. May 6, 2025) (dismissing "all claims against Kiowa County pursuant to Colo. Rev. Stat. § 30-11-105"); *see Griffith v. El Paso Cnty.*, 129 F.4th 790, 832–36 (10th Cir. 2015) (concluding that because "El Paso County" was improperly named, the district court lacked jurisdiction to consider the merits of the Rule 12(b)(6) analysis).

Because these defendants are improperly named as "Bent County Colorado" and "Kiowa County Colorado," the Court lacks jurisdiction to consider the claims against them. *Ellis v. Mesa Cnty.*, No. 22-cv-00965-SKC-SBP, 2025 WL 684029, at *7 (D. Colo. Feb. 5, 2025), *recommendation adopted*, 2025 WL 837800 (D. Colo. Mar. 18, 2025). As a result, the Court must dismiss the claims against defendants "Bent County Colorado" and "Kiowa County Colorado" for lack of jurisdiction. *Griffith*, 129 F.4th at 832–36.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Bent County and Kiowa County, ECF No. 151, is **GRANTED**, and the plaintiff's claims against these defendants are **DISMISSED without prejudice**.

Entered and dated this 28th day of October, 2025 at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge