IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00256-CYC

MICKIE LEE FOX,

     Plaintiff,

v.

TONI JONES, a Deputy Sheriff, Brent County,

     Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion Requesting Appointment of Counsel, ECF No. 166, which asks the Court to appoint counsel to represent the plaintiff in this matter. Oral argument will not materially assist in the resolution of this matter and the motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Nonetheless, for the reasons that follow, the motion is **DENIED without prejudice**.

**ANALYSIS**

The plaintiff initiated this case on January 27, 2023. ECF No. 1. After dismissal of certain claims; the filing of the Sixth Amended Complaint, ECF No. 116; and the dismissal of two improperly-named defendants from the case, ECF No. 162, only the plaintiff's claim against the above-named defendant remain. The Court held a Scheduling Conference on June 10, 2026, ECF No. 171, and issued a Scheduling Order setting discovery and dispositive motions deadlines. ECF No. 172.

In the meantime, for the third time in this case, the plaintiff requests appointment of counsel. *See* ECF No. 71, 156. As with his previous requests, the plaintiff has failed to show that his circumstances warrant the appointment of counsel. ECF Nos. 77, 158.

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors and including fourth factor: "the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel"). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reason for appointment falls short of carrying that burden. The plaintiff states that he lost access to a law library upon his transfer from one state prison to his current facility, hindering his ability to conduct legal research. ECF No. 166. A

court construes a pro se litigant's filings liberally and considers their lack of legal resources and formal training. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). As such, a pro se prisoner's lack of access to a law library generally does not necessitate the appointment of counsel. *See, e.g.*, *Blackburn v. Baxter*, No. 20-cv-02774-WJM-NYW, 2020 WL 13751410, at *2 (D. Colo. Dec. 21, 2020); *Reynolds v. Adams*, No. 24-3132-JAR-BGS, 2025 WL 1683706, at *2 (D. Kan. Jun. 16, 2025); *Endris v. Sheridan Cnty. Police Dep't*, No. 09-CV-027-B, 2010 WL 11519865 (D. Wyo. Mar. 16, 2010). To be sure, "having counsel appointed would . . . assist[] [the plaintiff] in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. Indeed, a person's financial status does not guarantee the right to counsel in civil cases. *Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010 ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's amended complaint—which asserts that the defendant used excessive force while transporting the plaintiff—is not among the most complex that find their way into federal court.

In sum, this case is not overly complex from a reading of the amended complaint and, although the case has advanced to the discovery stage against this defendant, it is yet unclear how meritorious the plaintiff's remaining claim is. Further, since the plaintiff was transferred to his new facility, he has (1) filed the instant motion, (2) submitted a proposed scheduling order, ECF No. 169 (3) timely filed his initial disclosures under Fed. R. Civ. P. 26(a)(1), ECF No. 170, and (4) participated in the Scheduling Conference. These actions demonstrate that the plaintiff

3

can sufficiently present his claim and navigate this litigation. In addition, the plaintiff fails to articulate specific factors that warrant the appointment of counsel in his particular circumstances. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). As such, the plaintiff's request for pro bono counsel is premature. *See Vora v. C4 Therapeutics, Inc.*, No. 22-cv-00640-RMR-NYW, 2022 WL 20622169, at *2 (D. Colo. Apr. 1, 2022). Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the plaintiff's Request for Assistance, ECF No. 166, is **DENIED without prejudice**.

Entered and dated this 1st day of July, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4